Todd Blanche
Deputy Attorney General of the United States
S. Peter Serrano
First Assistant United States Attorney
Ann T. Wick
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:22-CR-0120-SAB |
| vs. | United States' Sentencing Memorandum |
| BILLY GENE PINSON, | |
| Defendant. | |

Plaintiff, United States of America, by and through Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, submits this memorandum setting forth the government's position at sentencing. Consistent with the Plea Agreement, ECF No. 75, the government recommends that the Court sentence Defendant to a term of imprisonment of 420 months (35 years), followed by a life term of supervised release, in the above-captioned case. The government further requests restitution for one victim and imposition of a special assessment under the AVAA.

United States' Sentencing Memorandum – 1

**INTRODUCTION**

The facts of this case are enough to break a heart ten times over.  Although now free from Defendant's reach, his victims will never be the same.  A twice convicted sex offender, Defendant began abusing and raping the minor victims in this case before he even completed the 24-month term of probation imposed for his last sex offense.  The abuse went on for years, until the youngest of his victims – then six years old, told a trusted adult at school what was happening.  The ensuing investigation led to disclosures of sexual abuse by other little girls and the discovery of Defendant's child pornography collection, including child pornography images and videos created by Defendant.

The mandatory minimum sentence that must be imposed is 25 years in prison.  Application of the sentencing factors of 18 U.S.C. § 3553(a), however, establishes that a greater sentence is necessary to meet the goals of sentencing.  Consequently, the United States recommends a prison sentence of 35 years, followed by a life term of supervised release.  Pursuant to the Plea Agreement, Defendant also recommends a life term of supervised release.  ECF No. 75 at 22.  In order to reach a total sentence of 35 years, the Court will have to run the sentences for at least two counts consecutively, in addition to the sentence for the 18 U.S.C. § 2260A conviction, which must be imposed consecutively pursuant to statute.

United States' Sentencing Memorandum – 2

Neither party filed objections to the initial Presentence Investigation Report (hereinafter "PSR") filed February 12, 2026.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1)   Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2)   Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3)   If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4)   Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION AND IMPOSITION OF SENTENCE

United States' Sentencing Memorandum – 3

## I.    United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

### A.    Offense Level Calculation

The PSR calculated Defendant's total offense level as 43. PSR ¶ 193. This is based on a true offense level of 48 (PSR ¶¶ 190-192), after grouping and acceptance of responsibility. However, the guidelines essentially top out at 43 for purposes of determining an advisory guideline range. *See* PSR ¶ 193.

### B.    Criminal History Calculation

The PSR correctly calculated the defendant's criminal history category as Category V, after application of USSG § 4B1.5. PSR ¶ 213.

### C.    Advisory Guideline Range

Based upon a total offense level of 43 and a criminal history category of V, the advisory guideline imprisonment range is life. PSR ¶ 294.

## II.    Departures

The United States does not recommend a departure from the advisory guideline range. Rather, the recommended sentence represents a variance from the advisory guideline range.

United States' Sentencing Memorandum – 4

### III.    Imposition of a Sentence under 18 U.S.C. § 3553

#### A.    18 U.S.C. § 3553(a) factors

##### 1.    The nature and circumstances of the offense

The nature and circumstances of Defendant's offenses warrant a sentence of 35 years, followed by a life term of supervised release.  Not for the first time, Defendant preyed upon little children to fulfill his sexual desires.  This time, the abuse went on for years, irreparably altering the lives of nine minor victims.  This time, the abuse included photographing and video recording the children engaged in sexually explicit conduct: mementos Defendant could return to as many times as he desired, to remember and re-live the sexual satisfaction he derived from using and exploiting his victims.  For over approximately five years, Defendant sexually abused and exploited young girls in and out of his household, leveraging his position of trust and caretaking to secure almost unlimited access and control.  For this, and without even factoring in the harm caused by Defendant's possession of child pornography he did not create, a sentence of 35 years and life supervision is warranted.

##### 2.    The history and characteristics of the defendant

Defendant's history and characteristics also support a 35-year sentence and life term of supervised release.  Defendant is undeniably a repeat and dangerous sex offender with a sexual interest in minors, particularly very young girls.  Regardless

United States' Sentencing Memorandum – 5

of how one characterizes Defendant's intelligence or mental health, Defendant has shown the courts and the community that he will act on his sexual interest if given the chance.

Indeed, although assessments summarized in the PSR offer diagnoses not limited to low average memory functioning, depression, anxiety, and post-traumatic stress disorder, nothing about the offered findings or conditions explains Defendant having offended sexually and repeatedly on so many victims.  Defendant's deficits did not prevent him from being able to successfully groom and manipulate his victims, some for years.  Those deficits did not prevent him from hiding his crimes, for years, even while still on probation for a previous sex crime.  *See* PSR ¶¶ 206-208.  Neither did those deficits prevent Defendant from successfully talking his way out of accusations, even when a witness to the sexual abuse told the victim's mother what the witness saw and heard at night.  *See* PSR ¶¶ 80-84; *see also* PSR ¶¶ 206-211.

Likewise, although certain elements of Defendant's past might evoke sympathy, they do not explain or justify Defendant's violations – physically and emotionally – of the children who had the misfortune of being brought within Defendant's orbit.  Even now, Defendant appears to have the support of his mother, and, inexplicably, the mother of one of the victims who endured the most sexual abuse from Defendant.  *See* PSR ¶¶ 238-239.  He does not suffer from a drug or

United States' Sentencing Memorandum – 6

alcohol addiction. He graduated high school and had employment until suffering a knee injury. PSR ¶ 282. In other words, there is not a circumstance that contributed to Defendant's commission of his crimes that can somehow be addressed and thereby make Defendant less of a danger going forward than imposition of a prison sentence and life supervision. The United States submits that the sufficient but not greater than term of incarceration is 35 years.

3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

Crimes involving the sexual exploitation of a minor child are among the most serious and reprehensible crimes that can be committed. The specific nature of Defendant's crimes is more horrific than many other child pornography cases, and therefore that much more serious. Defendant victimized each and every victim depicted in the images and videos he possessed, whether those were minors known to Defendant, or a Series victim, such as the Series victim identified in this case by the National Center for Missing and Exploited Children. PSR ¶ 74. A sentence of 35 years, followed by a life term of supervised release, recognizes this, promotes respect for the law, and is just punishment.

4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

A prison sentence of 35 years and a life term of supervised release protects the public and serves the goal of general and specific deterrence. Defendant was not

United States' Sentencing Memorandum – 7

deterred by previous state sentences to SSDODA or probation, nor was he deterred by the periods of time he spent in custody in connection with his prior crimes. In contrast, the public is protected from Defendant's crimes while he is serving a custodial sentence and to some degree when being supervised and monitored. Imposition of the sentence being recommended by the United States puts other offenders on notice of the strict consequences that flow from victimizing our youth.

### 5. The kinds of sentences available

If the Court accepts the Plea Agreement, the Court may sentence Defendant to a term of prison of no less than 25 years and no more than 35 years, followed by a term of supervised release of life. ECF No. 75.

Additionally, the Court may impose a fine of up to $250,000 and impose special assessments, including an assessment of up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), and a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015.

### 6. The established sentencing range

Based upon a total offense level of 43 and a criminal history category of V, the advisory guideline imprisonment range is life.

### 7. The need to avoid unwarranted sentence disparities

The government's below-guidelines recommended sentence does not reflect an unwarranted sentencing disparity.

United States' Sentencing Memorandum – 8

8.      The need to provide restitution to any victims of the offense

The National Center for Missing and Exploited Children identified one Series of known child pornography within Defendant's collection.  That Series victim has requested restation in an amount not less than $3,000.  PSR ¶ 315.

Defendant agreed to restitution in the Plea Agreement.  Statute requires restitution in an amount of not less than $3,000 for the Series victim.

B.      Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence.  *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).  It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted).  Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The United States' recommended sentence of 35 years is below the advisory guideline range set forth in the PSR.  Nevertheless, a 35-year sentence imposed without adjusting for the time Defendant spent in jail prior to coming into federal

United States' Sentencing Memorandum – 9

custody is potentially close to a life sentence. Defendant will be 46 years old shortly after being sentenced in this case. Allowing for the Bureau of Prisons to calculate credit for time served back to June 5, 2023 (when the state charges were dismissed in favor of allowing the federal case to proceed first), for example, a 35-year sentence would make Defendant approximately 78 years old when released from prison, not accounting for any good time he earned while incarcerated. Such a sentence also makes sense in light of the fact that Defendant was originally in jail solely on state charges; evidence of his federal crimes was not discovered until February 2022, when Defendant's four hard drives were forensically reviewed and 10 files of child pornography were observed (the child pornography created by Defendant was found later). *See* PSR ¶ 68. Defendant appeared on the federal indictment, by writ, on December 1, 2022.

### IV.    $5,000 Special Assessment of the JVTA

The United States does not seek the imposition of a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA).

### V.    $50,000 and $17,000 Special Assessments of the AVAA

The United States does seek the imposition of an assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA). Assessments paid under the AVAA are deposited into the Child Pornography Victims Reserve, which funds are available to victims in partial or full satisfaction

United States' Sentencing Memorandum – 10

of their restitution claims. 18 U.S.C. §§ 2259B(b), 2259(d). "It is the intent of Congress that victims of child pornography be compensated for the harms resulting from every perpetrator who contributes to their anguish. Such an aggregate causation standard reflects the nature of child pornography and the unique ways that it actually harms victims." AVAA, PL 115-299, December 7, 2018, 132 Stat 4383.

Under the AVAA, the Court shall assess not more than $50,000 upon conviction of production of child pornography. 18 U.S.C. § 2259A(a)(3).  The Court shall assess not more than $17,000 upon conviction of possessing child pornography. 18 U.S.C. §§ 2259A(a)(1); 2259(c)(3).  This assessment is "in addition to any other criminal penalty, restitution, or special assessment authorized by law." § 2259A(a). Imposition of an AVAA assessment "does not relieve a defendant of, or entitle a defendant to reduce the amount of, any other penalty by the amount of the assessment." 18 U.S.C. § 2259A(d)(2).

In determining the amount of AVAA assessment to impose, the Court shall "consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c). These factors include, in addition to the 3553(a) factors discussed above:

(1) The defendant's income, earning capacity, and financial resources;
(2) The burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially depending on the defendant, relative to the burden that alternative punishments would impose;
(3) Any pecuniary loss inflicted upon others as a result of the offense;

United States' Sentencing Memorandum – 11

(4) Whether restitution is ordered or made and the amount of such restitution;

(5) The need to deprive the defendant of illegally obtained gains from the offense;

(6) The expected costs to the government of any imprisonment, supervised, release, or probation component of the sentence; [and]

(7) Whether the defendant can pass on to consumers or other persons the expense of the fine.

18 U.S.C. § 3572(a).

Typically, there would be a restitution request in a case such as this, perhaps one as significant as or greater than $50,000 for any one of Defendant's hands-on victims. There is not. There is only the one request from a Series victim, for not less than the statutorily required $3,000. As Defendant's hands-on victims may seek restitution from the AVAA fund at a later date, it is only fitting and just that Defendant be required to pay into that fund.

While Defendant's income and earning capacity is diminished by a lengthy prison sentence such as that recommended by the United States, Defendant may be required to participate in the Bureau of Prison's Inmate Financial Responsibility Program and pay quarterly towards any outstanding monetary penalty. If ordered to pay a nominal $25 per quarter, for example, Defendant could pay approximately $3,500 through the IFRP by the time he is released to supervised release.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 35 years, followed by a life term of supervised release, for Defendant's commission of the crimes of

United States' Sentencing Memorandum – 12

production of child pornography, possession of child pornography, and commission of a felony sex offense by an individual required to register as a sex offender.  The government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted:  March 5, 2026.

S. Peter Serrano
First Assistant United States Attorney

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

United States' Sentencing Memorandum – 13

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

*s/ Ann T. Wick*
Ann T. Wick
Assistant United States Attorney

United States' Sentencing Memorandum – 14